UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re<br>Rene R. Ortiz, | Case No.: 07-22466-svk |
| Douglas Lynn Lindsey and<br>Betty Jane Lindsey, and | Case No.: 08-27374-svk |
| Valerie Jones,<br>        Debtors. | Case No.: 07-25336-svk |

| | |
|---|---|
| Rene R. Ortiz, et al.,<br>        Plaintiffs,<br>v.<br>Aurora Health Care, Inc.,<br>        Defendant. | Adversary Case No. 09-2199 |

**MEMORANDUM DECISION AND ORDER GRANTING
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

BACKGROUND

Rene Ortiz, Douglas Lindsey and Valerie Jones (the "Debtors") filed Complaints against Aurora Health Care, Inc. ("Aurora") that have been consolidated for purposes of trial.[1] The Complaints allege that Aurora attached invoices containing confidential medical information to proofs of claim filed in the Debtors' bankruptcy cases, in violation of Bankruptcy Rule 9037 (Count I) and a Wisconsin statute (Count II). On July 23, 2009, Aurora filed a Motion to Dismiss the Complaint. After briefing, the Court dismissed Count I of the Complaint alleging

---

[1] On November 9, 2009 two other debtors, Kathy Bembenek and Susan Dandridge, filed an action in the Circuit Court for Milwaukee County, alleging that Aurora attached confidential medical records to proofs of claim in their bankruptcies. On December 4, 2009, Aurora removed the Bembenek/Dandridge adversary proceeding to this Court, and the debtors moved to remand the proceedings back to the State court.

that Aurora violated Bankruptcy Rule 9037. However, the Court did not dismiss Count II, but instead requested additional briefs on the limited issue of whether the medical records attached to Aurora's proofs of claim exceeded "the extent needed" for billing, collection and payment of the claims as described in Wis. Stat. § 146.82. After additional briefing and a hearing, on November 10, 2009, the Court denied the Motion to Dismiss Count II, finding under the test enunciated in the Supreme Court's decision in *Ashcroft v. Igbal*, 129 S. Ct. 1937 (2009), that the Complaint set forth a "plausible claim" that Aurora's proofs of claim violated the Wisconsin statute.

On December 11, 2009, the Debtors filed a Motion for Abstention, arguing that, since the only remaining claim is grounded in State law, and that law is unsettled, this Court should abstain and allow the issue to be determined in a Wisconsin court. Aurora objected to the abstention, and on December 30, 2009, filed a Motion to Withdraw the Reference of this adversary proceeding to the District Court. Meanwhile, the Bembenek/Dandridge adversary proceeding was removed from State Court to this Court, and the debtors in that case had moved for remand. Aurora also sought to withdraw the reference of that adversary proceeding to the District Court. However, neither Aurora nor the Debtors filed a motion to stay the proceedings in this Court pending the District Court's decision on the Motion to Withdraw the Reference. Bankruptcy Rule 5011(c) provides that the filing of a Motion to Withdraw the Reference "shall not" stay the pending proceedings in this Court, absent such a request. Accordingly, on January 5, 2010, this Court denied the Debtors' Motion for Abstention and on January 6, 2010, denied the motion to remand the Bembenek/Dandridge proceeding back to the State Court.

No decision has been rendered by the District Court on the Motions to Withdraw the Reference. Pending before this Court is the Debtors' Motion for Class Certification, which the

parties have fully briefed.  This Memorandum Decision constitutes the Court's findings of fact and conclusions of law on that Motion.

## ANALYSIS

Class certification is governed by Rule 23 of the Federal Rules of Civil Procedure.[2]  Rule 23 provides two thresholds for class certification, and the first has four elements.  Rule 23(a) requires that one or more members of a class may sue as representative parties by demonstrating: (1) numerosity (the class must be so large "that joinder of all members is impracticable"); (2) commonality (there must exist "questions of law or fact common to the class"); (3) typicality (named parties' claims "are typical . . . of the class"); and (4) adequacy of representation (the representative parties must "fairly and adequately protect the interests of the class").

Upon satisfaction of all four requirements of Rule 23(a), the second threshold for class certification entails meeting one of the additional provisions of Rule 23(b).  *See Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992).  Here, the Debtors contend that they have demonstrated that "the questions of law or fact common to the class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  FED. R. CIV. P. 23(b)(3).  The party seeking certification must also establish the existence of an identifiable class.  *Aguilar v. Husco Int'l, Inc.*, 2009 U.S. Dist. LEXIS 94333, at *2 (E.D. Wis. Sept. 24, 2009) (citing *Simer v. Rios*, 661 F.2d 655, 669 (7th Cir. 1981)).  When considering these standards, courts should interpret Rule 23 liberally, and in favor of the maintenance of class actions.  *Id*. (citing *King v. Kansas City S. Indus., Inc.*, 519 F.2d 20, 25-26 (7th Cir. 1975)).  The court may examine the merits of the case, but only to the extent necessary to conduct the inquiries identified in Rule 23.  *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 675 (7th Cir.

---

[2] FED. R. BANKR. P. 7023 makes FED. R. CIV. P. 23 applicable in adversary proceedings.

2001) (court should not say "let's resolve the merits first and worry about the class later"); *see also Goldwater v. Alston & Bird*, 116 F.R.D. 342, 353 (S.D. Ill. 1987) (fine line assessment of the merits of each plaintiff's respective situation would be contrary to *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156 (1974)).

## I. Prerequisites under Rule 23(a)

### A. Numerosity

Rule 23(a)(1) requires that the class must be so large "that joinder of all members is impracticable." "To satisfy this requirement, a plaintiff need only show that joinder would be difficult or inconvenient." *Aguilar*, 2009 U.S. Dist. LEXIS 94333, at *3 (citation omitted). This test is generally passed by a showing that the potential class consists of forty or more. *Id.* (citing *Barden v. Hurd Millwork Co., Inc.*, 249 F.R.D. 316, 319 (E.D. Wis. 2008)). The Debtors have defined the class for which they now seek certification as: all persons who (1) filed a petition for relief under 11 U.S.C. § 1301, *et seq.*, in the Eastern District of Wisconsin (and their estates); (2) in circumstances in which Aurora filed at least one proof of claim in the bankruptcy case on or after June 23, 2003; and (3) where the proof of claim includes un-redacted information about medical treatment types, exams, equipment used, prescription medications and usage. The Debtors allege the class may contain as many as 3200 potential class members. The Court concludes that the Debtors have made the required showing of numerosity under Rule 23(a)(1), and additionally have satisfied the requirement for an identifiable class.[3]

### B. Commonality

Rule 23(a)(2) requires that there must exist "questions of law or fact common to the class." The requirement is not demanding; one issue of fact or law common to all class members will suffice. *Anderson v. Cornejo*, 199 F.R.D. 228 (N.D. Ill. 2000). Even some factual variation

---

[3] Aurora does not take issue with the numerosity or class identification requirements.

among the class grievances will not defeat a class action. *Rosario*, 963 F.2d at 1017 (citing *Patterson v. Gen. Motors Corp.,* 631 F.2d 476, 481 (7th Cir. 1980)). "The commonality requirement is ordinarily satisfied where there is a 'common nucleus of operative fact.'" *Aguilar*, 2009 U.S. Dist. LEXIS 94333, at *3 (quoting *Rosario*, 963 F.2d at 1018).

"Common nuclei of fact are typically manifest where… the defendants have engaged in standardized conduct towards members of the proposed class." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). In *Keele*, the Seventh Circuit affirmed the grant of class certification based, in part, on the defendant's conduct in sending identical debt collection letters demanding an unauthorized fee to all class members. In that case, because each potential class member received a standardized letter demanding the fee, the Court of Appeals held the plaintiffs' claims presented common questions of law and fact.

Like *Keele*, common issues exist here because the Debtors all claim Aurora violated Wis. Stat. § 146.82 by attaching confidential medical records to proofs of claim and filing the claims in the public record. Depositions of Aurora's employees confirm that proofs of claim were filed in the same routine manner in all cases. By alleging a universal scheme in Aurora's filing of proofs of claim, the Complaints present a common nucleus of operative fact. Moreover, Aurora raises common affirmative defenses under Chapter 142 of the Wisconsin Statutes. Thus, there are common questions of law and fact, and the Debtors have made the required showing of commonality under Rule 23(a)(2).

**C. Typicality**

Rule 23(a)(3) requires that the named parties' claims or defenses "are typical . . . of the class." "The question of typicality in Rule 23(a)(3) is closely related to the preceding question of commonality." *Rosario*, 963 F.2d at 1018. A "plaintiff's claim is typical if it arises from the

5

same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Id*. (quoting *De La Fuente v. Stokley-Van Camp, Inc.,* 713 F.2d 225, 232 (7th Cir. 1983)). The claims here clearly meet this element.

The Debtors allege that Aurora engaged in a common course of conduct in how it handled and filed bankruptcy proofs of claim in the Eastern District of Wisconsin. During their depositions, Aurora's employees acknowledged that they followed Aurora's routine practice in filing all of Aurora's proofs of claim in this District. Aurora's use of a customary practice in carrying out a common course of conduct, *i.e.* the filing of proofs of claim, strongly supports a finding of typicality in this case. *See Keele,* 149 F.3d at 595 (defendants, by mailing form letters seeking collection fee, engaged in the same course of conduct towards all class members). The fact that Aurora has four employees who perform these tasks does not weaken this showing. "Typical does not mean identical, and the typicality requirement is liberally construed." *Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 57 (N.D. Ill. 1996). In fact, the claims of the named plaintiffs and the claims of the class at large need only have the "same essential characteristics," and there may still be factual differences. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 598-99 (7th Cir. 1993) (quoting *De La Fuente*, 713 F.2d at 232).

Aurora, noting potential factual differences, disputes that the Debtors have made the required showing of typicality "because their claims are subject to at least two unique defenses."[4] Pointing to the Debtors' statements in their depositions concerning their damages,[5] Aurora cites *Koos v. First National Bank of Peoria*, 496 F.2d 1162, 1164 (7th Cir. 1974), for the proposition

---

[4] One of these "unique defenses" is individualized damage claims. This argument is more properly addressed under the other requirements of Rule 23(b)(3), and will be discussed more thoroughly below. *See e.g. Bertulli v. Indep. Ass'n. of Contl. Pilots,* 242 F.3d 290, 298 (5th Cir. 2001); *Bogosian v. Gulf Oil Corp.,* 561 F.2d 434, 456 (3d Cir. 1977); *Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir. 1975); *Gold Strike Stamp Co. v. Christensen*, 436 F.2d 791, 798 (10th Cir. 1970).

[5] The Debtors counter that the admissions in the Depositions are taken out of context and were solely directed at Aurora's disclosure of account numbers.

that the Debtors' claims are atypical because the "named plaintiffs who are subject to a unique defense will become distracted by that defense to the detriment of the rest of the class."

Aurora's argument is not persuasive. In *Koos*, two plaintiffs filed a class action accusing a bank of charging usurious interest in violation of an Illinois statute that governed transactions under $5,000. However, the named plaintiffs' loan exceeded $56,000, and the usury statute did not apply to them. In *Koos*, the defense was not only unique to the named plaintiffs, it barred their action altogether. *Koos* is readily distinguishable from the case at bar, where the Debtors' claims, if proven, clearly fit within the spectrum of Wis. Stat. § 146.82. Further, Aurora's claim that the Debtors may not have quantifiable damages is not unique; rather the same result may follow from any affirmative defense Aurora may assert against *any* potential class participants. The Seventh Circuit has explained that "similarity of legal theory may control even in the face of differences of fact." *De La Fuente*, 713 F.2d at 232. Under this rule, the Debtors' claims are typical, even if they are subject to a variety of defenses.

Even assuming that different defenses can be asserted, "the fact that the defendants may be able to raise different defenses against the claims of different class members does not necessarily defeat typicality." *Rogers v. Baxter Int'l, Inc.*, 2006 U.S. Dist. LEXIS 12926, at *14 (N.D. Ill. Mar. 22, 2006) (citation omitted). "Typicality under Rule 23(a)(3) should be determined with reference to the company's actions, not with respect to particularized defenses it might have against certain class members." *Wagner v. NutraSweet Co.*, 95 F.3d 527, 534 (7th Cir. 1996) (citations omitted). Here, Aurora's practice and course of conduct were typical with respect to the filing of the proofs of claim, and the Debtors have made the required showing of typicality under Rule 23(a)(3).

**D. Adequacy of Representation**

Rule 23(a)(4) requires that the representative parties must "fairly and adequately protect the interests of the class." A class is not fairly and adequately represented if class members have antagonistic or conflicting claims. *Rosario*, 963 F.2d at 1018. This element requires an absence of potential conflict between named representatives and class members, and that the representative parties vigorously prosecute the case. *Aguilar*, 2009 U.S. Dist. LEXIS 94333, at *4. Aurora again alleges that the Debtors "are all subject to unique defenses and, therefore, each of them is also an inadequate class representatives." (sic) This argument fails for the same reason that the "unique defense" fails to destroy typicality.[6] The interests of the Debtors are neither divergent nor antagonistic to one another nor to the overall interests of the class as a whole. The Debtors have shown a common nucleus of operative fact in Aurora's filing of the proofs of claim, and the Debtors' allegations appear factually analogous to the claims of most, if not all, of the potential class members against whom Aurora filed proofs of claim containing sensitive medical information. The Debtors' incentives to succeed are identical to other class members; indeed, the law is the same for each and every member.

The second requirement, that the representative parties vigorously prosecute the case, concerns the choice of counsel. The proposed attorneys for the class must be qualified, experienced and generally able to conduct the litigation. *Susman v. Lincoln Am. Corp.*, 561 F.2d 86, 90 (7th Cir. 1977). Aurora has not challenged this element, and to date, the Debtors' counsel has done a fine job, vigorously and passionately prosecuting this action against one of the country's leading law firms. The Debtors have made the required showing of adequate representation under Rule 23(a)(4).

---

[6] Aurora's citation of *J.H. Cohn & Co. v. American Appraisal Associates, Inc.,* 628 F.2d 994 (7th Cir. 1980), falls short for the same reasons that Aurora's reliance on *Koos* is misplaced.

8

**II. Predominance and Superiority under Rule 23(b)**

The Debtors have satisfied the four requirements of Rule 23(a), but also must meet one of the requirements of Rule 23(b). *Rosario*, 963 F.2d at 1017. The Debtors request certification under Rule 23(b)(3).[7] That Subsection requires the Court to find that common questions "predominate over any questions affecting only individual members," and that class resolution is "superior to other available methods for the fair and efficient adjudication of the controversy." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 615 (1997). In making this determination, Rule 23(b)(3) provides a nonexhaustive list of pertinent factors for the Court to consider:

(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the difficulties likely to be encountered in the management of a class action.

The Supreme Court previously summarized this provision as permitting class certification when "a class action would achieve economies of time, effort, and expense, and promote ... uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem*, 521 U.S. at 615 (citation omitted).

Considering these factors, the Court finds that the class action methodology is superior to individualized actions in determining whether Aurora's proofs of claim violate the Wisconsin Statutes. A single adjudication undoubtedly will promote judicial economy; it is much more manageable for the Court to handle one (albeit large) class adjudication instead of a multitude of smaller cases. *See Mejdrech v. Met-Coil Sys. Corp.*, 319 F.3d 910, 911 (7th Cir. 2003) ("[C]lass

---

[7] The Debtors originally requested the Court certify this action under either Rule 23(b)(2) or (b)(3), but subsequently narrowed their request to only Rule 23(b)(3).

9

action treatment is appropriate and permitted by Rule 23 when the judicial economy from consolidation of separate claims outweighs any concern with possible inaccuracies from their being lumped together in a single proceeding for decision by a single judge or jury"). Further, having this dispute determined in one action in the court[8] where the proofs of claim were filed will provide uniformity of decision, and prevent piecemeal decisions in multiple arenas.

The requirements of Rule 23(b)(3) overlap with the commonality provision of Rule 23(a)(2); but Rule 23(b)(3) "kicks it up a notch" and requires a showing that those common questions "predominate" over individual ones. *See Blihovde v. St. Croix County*, 219 F.R.D. 607, 620 (W.D. Wis. 2003) (citing *Amchem*, 521 U.S. at 623-24 (predominance requirement of Rule 23(b)(3) is "more stringent" and "far more demanding" than commonality requirement of Rule 23(a)(2))). The Supreme Court has determined that this requirement comes down to a basic issue: "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623. In this case, common questions of fact and law permeate the potential class claims, and are thoroughly interconnected. In fact, "[a] single common issue may be the overriding one in the litigation, despite the fact that the suit also entails numerous remaining individual questions." *Blihovde,* 219 F.R.D. at 620. This is such a case because Aurora's liability under Wis. Stat. § 146.82 is an issue common to all class members, regardless of any individualized or affirmative defenses Aurora may assert.

Aurora strenuously disagrees and alleges that individual issues dominate this case. Specifically, Aurora claims that individualized damages and unique affirmative defenses render this action inappropriate for class certification. However, "the cases are legion in which courts have rejected arguments that differences in damages among the class members should preclude

---

[8] This would be true whether the District Court withdraws the reference under 28 U.S.C. § 157, and exercises its jurisdiction over this bankruptcy claim dispute, or denies Aurora's Motion to Withdraw the Reference. One consolidated proceeding will be more efficient and economical than many individual cases.

Case 2:12-cv-00295-LA   Filed 03/12/12   Page 10 of 12   Document 7-1
Case 09-02199-svk   Doc 103   Filed 03/09/10   Page 10 of 12
EXHIBIT A

class certification." *Blihovde,* 219 F.R.D. at 621 (citing cases). In *Carnegie v. Household International, Inc.*, 376 F.3d 656, 661 (7th Cir. 2004), the Seventh Circuit confirmed that Rule 23(b)(3) permits a finding that common issues predominate despite differences in damages because trial courts have various tools at their disposal to manage the differences. The possibilities include "(1) bifurcating liability and damage trials with the same or different juries… (3) decertifying the class after the liability trial and providing notice to class members concerning how they may proceed to prove damages; (4) creating subclasses; or (5) altering or amending the class." *Id.*; *see also Arreola v. Godinez,* 546 F.3d 788, 801 (7th Cir. 2008) ("Although the extent of each class member's personal damages might vary, district judges can devise solutions to address that problem if there are substantial common issues that outweigh the single variable of damages amounts"); *N.N. v. Madison Metro. Sch. Dist.,* 2009 U.S. Dist. LEXIS 46173 (W.D. Wis. June 1, 2009).[9]

The same is true with regard to Aurora's affirmative defenses. If necessary, claimant-specific defenses could be adjudicated after liability is established. The Court of Appeals has approved of this multi-faceted format, stating:

> If there are genuinely common issues, issues identical across all the claimants, issues moreover the accuracy of the resolution of which is unlikely to be enhanced by repeated proceedings, then it makes good sense, especially when the class is large, to resolve those issues in one fell swoop while leaving the remaining, claimant-specific issues to individual follow-on proceedings.

---

[9] This view is widely held among the Circuits. *See Bertulli v. Indep. Ass'n. of Contl. Pilots*, 242 F.3d 290, 298 (5th Cir. 2001) ("Although calculating damage will require some individualized determinations, it appears that virtually every issue prior to damages is a common issue"); *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 456 (3d Cir. 1977) ("It has been commonly recognized that the necessity for calculation of damages on an individual basis should not preclude class determination when the common issues which determine liability predominate"); *Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir. 1975) (No matter what class action is certified, "the amount of damages is invariably an individual question and does not defeat class action treatment"); *Gold Strike Stamp Co. v. Christensen*, 436 F.2d 791, 798 (10th Cir. 1970) ("The fact that there may have to be individual examinations on the issue of damages has never been held, however, a bar to class actions").

*Mejdrech,* 319 F.3d at 911.  Here, the same legal theories involved in determining whether Aurora's practices violated Wis. Stat. 146.82 will apply to all class members.  That "similarity of legal theory may control even in the face of differences of fact."  *De La Fuente*, 713 F.2d at 232.  Therefore, pursuant to Rule 23(b)(3), the Court finds that common questions "predominate over any questions affecting only individual members," and that class resolution is "superior to other available methods for the fair and efficient adjudication of [this] controversy."

## CONCLUSION

Having satisfied the elements of Rule 23(a) and (b), the Debtors' Motion for Class Certification is granted.

IT IS SO ORDERED.

Dated: March 9, 2010

By the Court:

*Susan Kelley*

Susan V. Kelley
U.S. Bankruptcy Judge