IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: | ) |
| RENE R. ORTIZ, DOUGLAS LYNN LINDSEY and BETTY JANE LINDSEY, and VALERIE JONES, | ) ) ) ) |
| Debtors. | ) |
| RENE R. ORTIZ, et al., | ) |
| Plaintiffs, | ) |
| v. | ) |
| AURORA HEALTH CARE, INC., | ) Case No. 12-C-0295 |
| Defendant. | ) |
| KATHY BEMBENEK, et al., | ) |
| Plaintiffs, | ) |
| v. | ) |
| AURORA HEALTH CARE, INC., | ) |
| Defendant. | ) |

**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND CONFIRMING CERTIFICATION OF SETTLEMENT CLASS**

1. The Court having previously granted preliminary approval [dkt #22] of the Settlement Agreement [dkt 21-2], the Court hereby finds that the Settlement Agreement is fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure and so hereby finally approves, pursuant to Federal Rule of Civil Procedure 23(e), the Settlement Agreement between Plaintiffs and Aurora Health Care, Inc. The parties are, therefore, directed to carry out the terms of the Settlement Agreement. The release contained in the Settlement

4839-3051-7269.2

Agreement shall become effective on its Effective Date (as defined in the Settlement Agreement).

2. For settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2) and 23(b)(3), the Court confirms the certification of the Settlement Class defined as:

> All persons who:
> (a) filed a petition for relief under 11 U.S.C. § 1301, *et seq.*, or had their case converted to one under 11 U.S.C. §1301 *et seq.*, in the Eastern District of Wisconsin (and their estates);
> (b) in circumstances in which Aurora filed at least one proof of claim in the bankruptcy case on or after June 23, 2003; and
> (c) where the proof of claim includes un-redacted "patient health care records," as that term is defined in Wis. Stat. § 146.81(4).

3. The Court confirms the appointment of the Settlement Class Counsel and the Settlement Class Representatives.

4. The Court approves an award of $7,500 to each of the five Plaintiffs/Settlement Class Representatives to compensate them for the significant time, effort and service extended on behalf of the Settlement Class. This amount is payable out of the Settlement Fund upon the Settlement Agreement's Effective Date.

5. The Court finds that the Class Notice and Summary Notice Publication satisfied and continues to satisfy the applicable requirements of Federal Rules of Civil Procedure 23(c)(2)(b) and 23(e), the Class Action Fairness Act (28 U.S.C. §1711 *et seq.*), and the Due Process Clause of the United States Constitution (U.S. Const. amend. V), constituting the best notice that is practicable under the circumstances of this litigation.

6. Pursuant to the Affidavit of Daniel J. Rieck for the Settlement Administrator, A.B. Data Ltd. (dkt #35), this Order is based on the Court's understanding that there are no Settlement Class Members seeking to be excluded from the Settlement Agreement.

4839-3051-7269.2
2
Case 2:12-cv-00295-LA   Filed 09/13/13   Page 2 of 3   Document 44

7. The Court required in its Order at dkt #22, and continues to order here, that the Clerk of the United States Bankruptcy Court for the Eastern District of Wisconsin seal the proofs of claim filed by the Settling Defendant (defined in the Settlement Agreement) in the cases identified in Bankr. Case No. 09-2199, dkt #100. The Clerk of the Bankruptcy Court is further ordered to seal the proofs of claim filed by Settling Defendants in the bankruptcy cases identified on the Class List. Settling Defendant shall not be required to refile or redact any of the proofs of claim that have been directed to be sealed under either Order.

8. The adversary proceedings and lawsuits filed by one or more of the Plaintiffs, which were assigned case nos. 09-2199, 09-2200, 09-2201, 09-2269, and 09-2270 in the U.S. Bankruptcy Court for the Eastern District of Wisconsin and case nos. 09-cv-1202 and 12-cv-295 in U.S. District Court for the Eastern District of Wisconsin are dismissed with prejudice and without an award of costs.

9. The Court expressly incorporates the terms of the Settlement Agreement in this Order.

10. This Court hereby determines that under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directs that the judgment of dismissal as to Defendant shall be final and appealable and entered forthwith.

Dated this 13th day of September, 2013.

s/ Lynn Adelman
_____
Lynn Adelman
United States District Court Judge